IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEANNETTE ISHMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-158-S-BN |
| | § | |
| USAA FEDERAL SAVINGS BANK, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States District Judge.

There are four pending motions: (1) Defendant USAA Federal Savings Bank's motion to dismiss; (2) USAA's motion to strike Plaintiff Jeannette Ishmon's amended complaint; (3) Ishmon's motion for leave to file the amended complaint; and (4) Ishmon's motion for remand.

For the following reasons, the undersigned recommends that the Court deny the motion for remand, deny the motion for leave to file an amended complaint, grant the motion to strike the amended complaint, and grant the motion to dismiss.

**Background**

Plaintiff Jeannette Ishmon agreed to co-sign a loan to enable her son to purchase a vehicle. While at the dealership, her son financed the purchase with a

-1-

loan from Defendant USAA Federal Savings Bank, but the loan amount was higher than the amount that Ishmon had agreed to with her son.

Ishmon alleges that USAA did not contact her during the loan application process to obtain her authorization as co-signer and that she would not have co-signed the note had she known that it was for the higher amount. Ishmon contends that USAA fraudulently included her as co-signer on the loan documents without her consent.

Ishmon sued USAA in state court, and the case was removed from her appeal of a judgment dismissing her claims against USAA in the Justice of the Peace Court. *See* Dkt. No. 1-4 at 3.

In her live pleading at the time of removal, Ishmon asserted claims against USAA for common law fraud and negligent representation based on alleged violations of the Truth in Lending Act ("TILA") and for breach of fiduciary duties. *See* Dkt. No. 1-14 (Plaintiff's First Supplemental Petition (referred to here as the "Complaint").

After removing the case, USAA filed a motion to dismiss. *See* Dkt. No. 13. Ishmon filed a response, *see* Dkt. No. 16, and USAA filed a reply, *see* Dkt. No. 20.

Ishmon also filed an amended complaint, without leave of court, on the same day that she filed her response to the motion to dismiss. *See* Dkt. No. 17 (Plaintiff's Second Supplemental Complaint, referred to here as the "Amended Complaint").

One day later, Ishmon filed a motion for remand. *See* Dkt. No. 18 (Notice of Removal, which the undersigned construes as a motion to remand). And USAA filed

a response, *see* Dkt. No. 22.

USAA filed a motion to strike the amended complaint, *see* Dkt. No. 21, and Ishmon filed a response to the motion to strike, *see* Dkt. No. 23. She also filed an amended motion for leave to file the amended complaint. *See* Dkt. No. 26.

### Legal Standards and Analysis

I.   <u>The Court should deny the motion for remand.</u>

In her complaint, Ishmon asserted claims against USAA for common law fraud and negligent representation based on alleged violations of the Truth in Lending Act ("TILA") and for breach of fiduciary duties. *See* Dkt. No. 1-14.

USAA removed the case based on federal question jurisdiction:

> Plaintiff asserts claims for violations of the Truth in Lending Act. Indeed, Plaintiff alleges that Defendant did not comply with its duties required by the Truth in Lending Act and asserts fraud and negligent misrepresentation claims based entirely on alleged violations of the Truth in Lending Act. *See* Petition ¶¶ 9, 14-16, 19-20; *see also* Response at p. 2. Thus, these underlying causes of action require adjudication of federal questions under the Truth in Lending Act. In other words, Plaintiff's right to relief with respect to her fraud and negligent misrepresentation claims necessarily depend on the resolution of a substantial question of federal law, *i.e.* the Truth in Lending Act. Indeed, (1) resolving the federal issue, *i.e* whether the Truth in Lending Act was violated, is necessary to resolution of the state-law fraud and negligent misrepresentation claims; (2) the federal issue is actually disputed, as USAA FSB denies that it violated the Trust in Lending Act; (3) the federal issue is substantial, as the fraud and negligent misrepresentation claims are entirely based on the alleged Truth in Lending Act violation; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.

Dkt. No. 1 at 3-4.

Ishmon then amended her complaint, *see* Dkt. No. 17, and filed a motion to

remand, *see* Dkt. No. 18.

In the amended complaint, Ishmon abandons her prior claims based on alleged TILA violations. *See* Dkt. No. 17 at 2. She then concludes that the federal court no longer has jurisdiction "because the TILA ruling no longer applies." *Id*. at 2.

In the motion to remand filed one day later, Ishmon explains that she "never intended to convey that … Defendant violated the TILA Act," and, with this "clarification," she contends that the post-removal pleading amendments automatically divest the Court of its federal question jurisdiction and "reverses jurisdiction back" to state court. Dkt. No. 18. at 2.

But they do not because "[t]he existence of subject matter jurisdiction is determined at the time of removal." *In re Bissonnet Inv. LLC*, 320 F.3d 520, 525 (5th Cir. 2023). To make this determination, the Court considers the claims in the state court petition as they existed at the time of removal. *See Juanopulos v. Salus Claims Mgmt. LLC*, 518 F. Supp. 3d 973, 975 (S.D. Tex. 2021) (citing *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002)).

A plaintiff may not defeat a federal court's jurisdiction for a properly removed case by amending the complaint to omit federal claims. *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994) ("[A] post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction."); *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3rd Cir. 1979)

("A subsequent amendment to the complaint after removal designed to eliminate the federal claims will not defeat federal jurisdiction.").

Whatever her intentions, Ishmon alleges in the complaint that USAA violated the TILA, and her common law fraud and negligent misrepresentation claims were based on the alleged TILA violations.

Ishmon does not dispute that removal of this case to federal court was proper. She acknowledges federal question jurisdiction existed at the time of removal based on the federal law claims asserted in her complaint. *See* Dkt. No. 18 at ¶ 1 ("Defendant's reasoning behind the removal was based on Plaintiff's [Complaint] in which she states a fact of the matter that Defendant violated the TILA when it has committed fraud against her.").

Ishmon's post-removal amended complaint abandoning the federal claims does not divest the Court of jurisdiction because federal question jurisdiction existed at the time of removal, and so the motion for remand should be denied.

II.  <u>The Court should deny the motion for leave to file the amended complaint.</u>

USAA moves to strike the amended complaint as untimely and frivolous.

A.  <u>The motion for leave to amend is untimely.</u>

After removal, the Court entered the Initial Scheduling Order, which specifically addresses the amendment of pleadings:

> Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b),

(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Federal Rule of Civil Procedure 15(a)(2) then provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Accordingly, unless Rule 15(a)(1) permits an amended or supplemental pleading to be filed without leave, or an amended or supplemental pleading is filed with the opposing party's written consent, a motion for leave must be filed to amend or supplement pleadings, and any motion for leave must be filed by **May 5, 2023**. The Court generally will grant a timely-filed motion for leave to amend as a matter of course absent a showing of undue prejudice or futility. *See* Fed. R. Civ. P. 15(a). No amendments will be allowed after this deadline except on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4).

Dkt. No. 9 at 1-2.

Ishmon filed the complaint on December 30, 2022. She served a copy of the complaint on USAA on March 24, 2023. The 21-day deadline to amend the complaint as a matter of course was April 14, 2023.

USAA filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on March 24, 2023, and the Court entered an Order Setting Briefing Schedule the same day. The order required Ishmon to file a written response to the motion to dismiss by April 24, 2023. The order also specifically states:

No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motion to dismiss or response thereto without leave of court except to the extent permitted without leave of court by Federal Rule of Civil Procedure 15(a)(1).

Dkt. No. 15 at 1-2.

Ishmon filed the amended complaint on April 24, 2023, ten days after the deadline to file as a matter of course and without leave of court. The deadline to seek leave to file an amended complaint was May 5, 2023. And Ishmon filed a

motion for leave to amend the complaint on May 23, 2023, outside both the windows to file the amended response as a matter of course or with leave of court.

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-8700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2) or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).

When, like here, the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

To meet the good cause standard, the party must show that, despite his diligence, he could not reasonably have met the scheduling order deadline. *See id.* at 535; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1988) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)).

The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under 16(b)(4): "'(1) the explanation for the failure to

timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Only if a movant satisfies Rule 16(b)(4)'s requirements will the Court determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *S&W Enters.*, 315 F.3d at 536; *cf. Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("recogniz[ing]" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991))).

Ishmon, who is pro se, explains that her failure to timely move for leave to amend was due to a misunderstanding of the legal rules. Specifically, she thought that she could file an amended complaint as a matter of course in response to a Rule 12(b) motion – which she could have within 21 days. But she filed it 10 days later and after the deadline to seek leave to amend.

The importance of the amendment is minimal. The amended complaint did not achieve one of its aims – to divest the Court of subject matter jurisdiction.

Ishmon alleges the same facts in the amended complaint as she did in the original complaint. But she changes the claim to one for "common law fraud: electronic signature forgery." She argues that the amended complaint clarifies the

type of fraud she alleges and cures the alleged deficiencies identified by USAA.

But she does not explain why she could not have made this amendment during the relevant time frames.

Ishmon would not be prejudiced if the Court allows the amendment because, although she changes the name of her claim, she alleges the same facts. And denial of the motion for leave would not be case determinative.

The undersigned finds that Ishmon does not meet the good cause standard for out-of-time amendments and concludes that the motion for leave to amend the complaint should be denied.

   B.    Amendment would be futile

To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003).

In the amended complaint, Ishmon alleges the same facts that she alleged in the Complaint but abandons her prior claims for a sole claim of "common law fraud: electronic signature forgery."

For the reasons discussed below, the amended complaint does not meet Rule 9(b)'s heightened pleading standards for fraud claims. *See* Section IV(B)(1).

And, although Ishmon has not cited any authority, she appears to recite the elements of forgery under a criminal statute to argue that USAA is "guilty of forgery." *See* Tex. Penal Code § 32.21. But Texas law does not recognize a civil cause

of action for violating the criminal forgery statute. *See Van Duzer v. U.S. Bank Nat'l Ass'n,* 959 F. Supp. 2d 673, 699 (S.D. Tex. 2014); *see also Mathis v. DCR Mortg. III Sub., I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. 2013) (dismissing forgery claim "to the extent it was asserted as any kind of freestanding cause of action"); *Kafi, Inc. v. Sand Canyon Corp.,* No. 3:20-cv-354, 2022 WL 3084480, at *10 (S.D. Tex. Aug. 3, 2022) ("I find that forgery is not a cognizable, stand-alone civil claim under Texas law.").

Nor does Ishmon have standing to assert a claim under the Texas Penal Code. *See Mitchell v. City of Sugar Land*, CIV. A. G-10-223, 2011 WL 1156253, at *11 (S.D. Tex. Mar. 25, 2011) ("[T]he Texas Penal Code does not create private civil causes of action for Plaintiffs."); *Joyner v. DeFriend*, 255 S.W.2d 281, 283 (Tex. App. – Waco 2008, no pet.) ("Texas does not recognize private causes of action for penal code violations.").

And, so, it would be futile to grant the motion for leave to file the amended complaint because Ishmon's claims would be barred as a matter of law.

III.    The Court should grant the motion to strike the amended complaint.

For the reasons explained above, and because the motion for leave to file the amended complaint should be denied, the motion to strike the amended complaint should be granted.

IV.    The Court should grant the motion to dismiss.

A.    Legal standards under Rule 12(b)(6).

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must

"accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that

the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the

-12-

plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary

judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

    B.    <u>Any TILA claims are barred by the statute of limitations.</u>

Ishmon alleges in both her fraud and negligent misrepresentations claims that USAA violated TILA by not disclosing unspecified information to her and/or representing to her that its products/services complied with TILA. *See* Dkt. No. 1-14 at ¶¶ 14, 16, 19-20.

Ishmon's TILA claims are barred by the statute of limitations based on the allegations in her complaint.

TILA establishes a one-year statute of limitations for an alleged failure to meet disclosure requirements that begins to run at the closing or upon execution of the loan agreement. *See* 15 U.S.C. § 1640(e) (mandating that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation"); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) ("The violation occurs when the transaction is consumated." (citation and internal quotation marks omitted)); *Renfrow v. CTX Mortgage Co., LLC*, No. 3:11-cv-3132-L, 20120 WL 3582752, at *3 (N.D. Tex. Aug. 20, 2012). In addition, "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations." *Moor*, 784 F.2d

at 693.

The vehicle loan transaction occurred on January 21, 2019. But Ishmon did not file suit until May 13, 2022, more than three years after the one-year TILA statute of limitations expired.

And neither equitable tolling nor the discovery rule apply because Ishmon admits that, on January 21, 2019, she received email notifications that she was named as a co-signer and that the loan had been finalized. *See* Dkt. No. 1-14 at ¶¶ 5, 12.

The Court should dismiss any TILA claims with prejudice. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rue 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

C.    <u>Ishmon fails to state a fraud claim.</u>

1.    Ishmon's allegations are insufficient to meet Rule 9(b)'s <u>heightened pleading requirements</u>.

The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff

-15-

injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter,* 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001)).

Fraud claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement, which requires plaintiffs who allege fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To comply with Rule 9(b), the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997).

Ishmon fails to make any non-conclusory allegations that USAA made a false representation to her with knowledge of its falsity and with the intent that Ishmon act on the representation. Ishmon does not allege that USAA made any representation, does not provide the dates of any alleged representations, and does not allege that any representations were made with knowledge of their falsity or with intent that Ishmon act on the allegations. See Dkt. No. 1-14 at ¶¶ 13-17.

The allegations in the complaint do not meet Rule 9(b)'s heightened pleading standard and, as a result, do not plausibly state a fraud claim.

2.    Ishmon ratified the loan and waived any right to damages.

USAA also contends that the fraud claim is barred by Ishmon's ratification of the vehicle purchase loan.

"Ratification occurs when one, induced by fraud to enter into a contract,

continues to accept benefits under the contract after he becomes aware of the fraud or if he conducts himself in such a manner as to recognize the contract as binding.... Once a contract has been ratified by the defrauded party ..., the defrauded party waives any right of rescission or damages." *Fortune Prod. Co. v. Conoco*, 52 S.W.3d 671, 678 (Tex. 2000); *see also Thompson Oil Royalty, LLC v. Graham*, 351 S.W.3d 162, 166 (Tex. App. – Tyler 2011, no pet.) ("Ratification occurs when a party recognizes the validity of a contract by acting under it, performing under it, or affirmatively acknowledging it.").

If the ratifier knows of the fraud and then chooses to perform under the contract, even "a contract procured by fraud can be ratified." *Thompson*, 351 S.W.3d at 165. "When a party ratifies an agreement that has been induced by fraud, the ratification generally vitiates the fraud, precluding rescission or recovery of fraud damages." *Chambers v. Equity Bank, SSB*, 319 S.W.3d 892, 902 (Tex. App. – Texarkana 2010, no pet).

Ishmon admits in the complaint that she performed under the loan by paying the loan. *See* Dkt. No. 1-14 at ¶¶ 15, 20, 24(c). So, according to her allegations, although she allegedly knew of the fraud, she acted under the loan, performed under it, and affirmatively acknowledged it.

Ratification is an affirmative defense. *See Yumilicious Franchise, L.L.C. v. Barrie*, No. 3:13-cv-4841-L, 2014 WL 4055475, at *9 (N.D. Tex. Aug. 14, 2014)*;*

*Miller v. Ret. Sys. Grp., Inc.*, No. CV H-09-834, 2012 WL 13156988, at *10 (S.D. Tex.

Mar. 2, 2012). But "[d]ismissal based on a successful affirmative defense can be appropriate when that defense appears on the face of the complaint." *Carbon Six Barrels, L.L.C. v. Proof Rsch., Inc.*, 83 F.4th 320, 324 (5th Cir. 2023).

And, here, taking Ishmon's allegations as true, the fraud claim is barred because Ishmon ratified it.

> D.    <u>Ishmon fails to state a claim for negligent misrepresentation.</u>
>
> > 1.    The negligent misrepresentation claim is barred by the statute of <u>limitations.</u>

A claim for negligent misrepresentation must be brought within two years of the alleged misrepresentation. *See Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1369 (5th Cir. 1994); Tex. Civ. Prac. & Rem. Code § 16.003(a). A cause of action for negligent misrepresentation accrues, "and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *TIG Ins. Co. v. Aon Re, Inc.,* 521 F.3d 351, 355 (5th Cir. 2008) (quoting *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 514 (Tex. 1998)).

Again, as Ishmon alleges herself, the vehicle loan transaction occurred on January 21, 2019. But Ishmon did not file suit until May 13, 2022, which was more than one year after the statute of limitations had run.

> > 2.    <u>Ishmon cannot state a negligent misrepresentation claim.</u>

"The elements of a cause of action for [negligent misrepresentation] are: (1) the representation is made by a defendant in the course of his business, or in a

transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 458 n.11 (5th Cir. 2011) (quoting *Fed. Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991)).

"A negligent misrepresentation claim ... cannot be based on a promise to act in the future, but must rather focus on misstatements of existing facts." *Garza v. J.P. Morgan, Alternative Loan Trust, 2007-SI, Mortgage Pass-Through Certificates*, No. 1:17cv82, 2017 WL 6513655, at *11 (S.D. Tex. Oct. 25, 2017).

To state a claim for negligent misrepresentation, Ishmon must allege that USAA supplied false information to her for guidance in her business.

But the loan indicates that the vehicle was for personal use. See Dkt. No. 14 at 6 ("The Property is not a commercial vehicle.").

Ishmon alleges that USAA misrepresented to her that it was a "Truth in Lending provider" and that its financial products and services were in compliance with federal consumer financial laws. *See* Dkt. No. 1-14 at 6.

But Ishmon fails to allege sufficient facts to meet the second prong of a negligent misrepresentation claim. And, so, Ishmon fails to and cannot state a claim for negligent misrepresentation, and the Court should dismiss the negligent misrepresentation claim with prejudice.

E.     <u>Ishmon fails to state a claim for breach of fiduciary duty.</u>

In Texas, the elements for a claim of breach of fiduciary duty are: (1) a fiduciary relationship between plaintiffs and the defendant, (2) a breach by the defendant of its fiduciary duty to plaintiffs, and (3) an injury to plaintiffs or a benefit to the defendant as a result of the breach. *See Anderton v. Cawley*, 378 S.W.3d 38, 51 (Tex. App. – Dallas 2012, no pet.). Ishmon fails to state a claim against USAA because she has failed to establish the first element – that she and USAA are in fiduciary relationship. *See Gergan v. Kelly*, 355 S.W.3d 223, 227 (Tex. App. – Houston [1st Dist.] 2011, no pet.).

Texas recognizes two types of fiduciary relationships. *See id.* "The first is a formal fiduciary relationship," such as "the relationship of an attorney-client, principal-agent, or trustee-beneficiary relationship." *Id*. The second is an informal fiduciary relationship – that is, a confidential relationship "where one person trusts and relies on another, whether the relation is a moral, social, domestic or purely personal one." *Id*.

The Texas Supreme Court has recognized that "confidential relationships may arise not only from the technical fiduciary relationships such as attorney-client, trustee-cestui que trust, partner and partner, etc. – which as a matter of law are relationships of trust and confidence – but may arise informally from moral, social, domestic or purely personal relationships." *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). "The existence of the fiduciary relationship is to be determined from the actualities of the relationship between the parties involved." *Id.*

"To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (quoting *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1989)).

Texas courts have held that there is no fiduciary relationship between a borrower and a lender. *See id.* at 192 (citing *1001 McKinney Ltd., v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App. – Houston [14th Dist.] 2005, pet. denied) ("Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests.")).

Ishmon alleges that a "fiduciary relationship with Plaintiff, was forged by Defendant, when Defendant made decision for Plaintiff, to not send the cost of loan document, and to put Plaintiff's e-signature on all documents, without Plaintiff's consent." Ishmon does not allege a long association with USAA in a business or personal relationship. Instead, she alleges that the fiduciary duty did not exist prior to the vehicle purchase. She also fails to allege that she was accustomed to being guided by USAA or relying on USAA's judgment and advice.

Taking Ishmon's allegations as true, she fails to state a claim for breach of fiduciary duty.

## Recommendation

The Court should deny the Notice of Removal (Motion to Remand) [Dkt. No.

22]; should deny the Motion for Leave to File Second Amended Complaint [Dkt. No. 26]; should grant the Motion to Strike Plaintiff's Second Amended Complaint [Dkt. No. 21]; and should grant the Motion to Dismiss [Dkt. No. 13] and dismiss all of Plaintiffs' claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 27, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-22-